11-2113-ag
Ha v. Holder

BIA
Videla, IJ
A089 262 843

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand twelve.

PRESENT:

BARRINGTON D. PARKER,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
    *Circuit Judges*.

_____

SUN KIT SIONG HA,
        *Petitioner*,

        v.                                    11-2113-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          H. Raymond Fasano, Youman, Madeo &
                         Fasano, LLP, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ada E. Bosque, Senior
                         Litigation Counsel; Puneet Cheema,
                         Trial Attorney, United States

**Department of Justice, Office of Immigration Litigation, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sun Kit Siong Ha, a native and citizen of Indonesia, seek review of an April 25, 2011, order of the BIA affirming the May 14, 2009, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying his motion to remand. *In re Sun Kit Siong Ha*, No. A089 262 843 (B.I.A. Apr. 25, 2011), *aff'g* No. A089 262 843 (Immig. Ct. N.Y. City May 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)*; Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156-57 (2d Cir. 2005).

The only issues before us are Ha's eligibility for asylum or withholding of removal based on an alleged pattern

or practice of persecution of Chinese Christians in Indonesia, and the BIA's denial of Ha's motion to remand.

Ha asserts that the agency erred in concluding that there is not a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. *See* 8 C.F.R. § 1208.16(b)(2)(i) (providing that an applicant shall not be required to show that he will be singled out individually for persecution if he establishes that there is a pattern or practice of persecution of a group of similarly situated persons); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). The agency's determination is supported by substantial evidence. The Department of State Reports show that although Chinese Christians had been subject to harassment and discrimination, violence and discrimination had decreased. The record evidence provides a sufficient basis for finding no pattern or practice of persecution of ethnic Chinese Christians in Indonesia. *See Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009).

Ha also challenges the BIA's failure to consider additional evidence he submitted on appeal. Because the BIA, as an appellate body, does not conduct fact-finding, a party asserting that the BIA cannot properly resolve an appeal without further fact-finding must file a motion to remand. 8 C.F.R. § 1003.1(d)(3)(iv). The BIA's denial of a

3

motion to remand that "relies on newly available evidence is held to the substantive requirements of a motion to reopen," *Li Yong Cao*, 421 F.3d at 156, and accordingly, Ha must show that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Because the evidence Ha sought to submit related to terrorist bombings of hotels, it did not demonstrate a pattern or practice of persecution against ethnic Chinese Christians in Indonesia.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4